## ADAIR V. SCOTT.

Decided November 1, 1890.

*"Overdue tax act"—Redemption from sale—Setting aside erroneous confirmation.*

> Where land sold under "the overdue tax act" was redeemed by the owner, a married woman, within apt time, and the redemption endorsed by the clerk upon the commissioner's report of sale, as required by the act, although the sale is subsequently confirmed, a deed executed and a writ of possession ordered in favor of the purchaser, a bill will lie, at a subsequent term of the court, to set aside the confirmation and quash the writ of possession.

APPEAL from *Desha* Circuit Court in Chancery.

JOHN A. WILLIAMS, Judge.

On July 6, 1882, a bill was filed in Desha circuit court in chancery, under "the overdue tax act" of March 12, 1881, to condemn the interest of the State by reason of any tax forfeiture, or of any other person, in and to, *inter alia*, the tract of land involved in this suit. Summons to the State's auditor was issued and publication of the warning order made, as provided by the act. On June 19, 1883, a decree of condemnation was entered against the land, which was sold on September 5, 1883, to appellant; and the sale was subsequently confirmed, and deed executed to him.

On February 2, 1883, appellee, Alice Scott, a married woman, obtained a donation certificate, and subsequently a deed conveying the State's interest in the land by reason of a prior tax forfeiture. In January, 1885, appellee went to appellant, and asked how much taxes he had paid on the land. She told him she wanted to redeem the land. He said the land was his, and walked off. She did not offer him any money. On September 4, 1885, she went to the clerk of the court, and paid to him the amount necessary to redeem the land.

At the January term of the court, an order was made, directing that a writ of possession be issued placing appellant in possession of the land, which was issued and executed on April 25, 1887.

At the July term, 1887, appellee brought suit, alleging the foregoing facts, and praying that the writ of possession be recalled and quashed, and possession restored to her.

The court found that she had a right to redeem and had redeemed the land, and decreed that the writ of possession be quashed, and possession restored to appellee.

*James Murphy* for appellant.

1. This was simply an action to try the title to, and for the possession of, the land; the remedy was at law, and a court of equity had no jurisdiction.

2. The suit should have been brought in the name of the wife alone. Mansf. Dig., sec. 4950, subd. 2.

3. Mrs. Scott was not the *owner* of the land, and had no right to redeem. It was decreed in the overdue tax suit, that the State, who was a party, acquired no title by the forfeiture of 1887, and hence she could convey none to appellee. Acts 1881, sec. 7, p. 67. She was a *donee pendente lite*, and took subject to the final decree, and was bound thereby.

Section 11 of the act gives the *owner* the sole right to redeem. Appellee was *never* the *owner*. The decree in the overdue tax suit was conclusive against her. 49 Ark., 336.

4. In fact, there was no redemption of the land. Sec. 11, act 1881.

*J. W. Dickinson* for appellee.

1. Appellee had no remedy at law. Injunction was the proper remedy. High on Inj., ch. 1; 7 Rob., La., 442; 4 Nev., 138; 2 Minn., 61; 1 Md. Chy., 97; 29 Ark., 612;

39 Ark., 196; 39 N. Y., 390; 3 Head (Tenn.), 39; 24 Ark., 431.

2. Appellee, being in possession under a deed long before any lien was declared, and having made valuable improvements, was the *owner*, and had such an interest as to entitle them to redeem. 42 Ark., 215; 39 Ark., 584; 10 Pet., 1 to 22; Blackwell on Tax Titles, pp. 421-4 *et seq.;* Sec. 11, acts 1881, p. 69.

3. She made the tender required by law. Blackw., Tax Tit., p. 435; 2 Pars. on Cont., pp. 776-7, notes *b, i* and *j;* 7 Wait, Ac. and Def., pp. 587-8, 595.

4. Mansfield's Digest, sec. 4951 and subdivisions were not intended to deprive the husband of his usufruct in wife's property. He was properly a party to the suit, having an interest. 3 Wait, Ac. and Def., pp. 77-8; 32 Ark., 151; 33 Ark., 611; 33 Ark., 722.

5. When appellee made a tender of the amount necessary to redeem, and was prevented by acts of appellant from redeeming from him, the land was *ipso facto* redeemed. Blackw., Tax Titles, sec., 183, p. 230; 41 Iowa, 197; 10 Pet., 1 to 22; Blackw., Tax Titles, p. 435. Appellee redeemed from the clerk before the appellant received his deed, and this deed was absolutely unauthorized and void. Black on Tax Titles, sec. 186, p. 238; 40 Iowa, 196.

Any one may redeem who has an interest. Black, Tax Titles, secs. 187, 189. Or who has possession, under color of title. Black, sec. 189; 55 Iowa, 237. Married women may redeem. Black, sec. 194; 13 Ohio, 298.

6. Appellant obtained no title until confirmation, which was long after appellee's rights attached. Rorer, Jud. Sales, p. 550 *et seq.*

PER CURIAM. Whether Alice Scott had an interest in the land which entitled her to redeem, or, having such interest, whether she redeemed in fact, are questions about which the

judges are equally divided in opinion.   We are not able, therefore, to assert that the court erred in holding the affirmative of these propositions.

Conceding that the lands were redeemed within two years of the sale under the decree by one having the right to redeem, the question is, did the court err in setting aside the order confirming the sale and quashing the writ of possession after the term at which the order was made?

Treating the order of confirmation as a final judgment, which passed beyond the power of the court after the lapse of the term at which it was made, it is immaterial whether the present proceeding be considered as a suit under the statute to set aside a judgment against a married woman (sec. 3909, subdivision 5, Mansf. Dig.), or a bill of review to set aside a judgment for error appearing in the proceeding.   The clerk had endorsed upon the report of sale, which was spread upon the records of the court, that the lands had been redeemed.   The endorsement was made in obedience to the duty imposed upon him by the overdue tax law under which the proceeding was had.   It became either a part of the "proceedings" of the cause, in the sense of that term as used in connection with errors which can be corrected by bill of review, or else statutory evidence of the fact of redemption.   If the former, the judgment confirming the sale is shown to be erroneous by the record of the proceedings in the overdue tax suit; if the latter only, then it is shown in the present proceeding that error, not apparent in the face of the proceedings, has been committed against a married woman whose condition does not appear of record.   In either case she is entitled to the relief granted, and the judgment should be affirmed.

*Overdue tax sale—Redemption—Erroneous confirmation.*